**FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20631-SCOLA

UNITED STATES OF AMERICA,

vs.

VLADIMIR A. PRADO,
VLADIMIR PRADO SR.,
OSMANY RODRIGUEZ DIAZ,
ALEXANDER BOMBINO,
JOSE ARMANDO BOLANOS,
       and
MARITZA COLLADA,

       **Defendants.**
_____/

## POST- INDICTMENT RESTRAINING ORDER

THIS MATTER is before the Court upon the United States' *ex parte* Motion for Entry of Post-Indictment Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A). The Court having reviewed the Motion and being fully advised finds that:

1. The United States seeks the Restraining Order to prevent the transfer, alienation, encumbrance or dissipation of property by any of the Defendants or any third party which would render said property unavailable for forfeiture;

2. The submission of the motion is appropriate and supported by statutory authority and case law;

3. Probable cause has been shown for the entry of the Restraining Order to preserve the following properties named in the Indictment which are subject to forfeiture:

    A. the sum of approximately $8,849,190, which sum represents the gross

proceeds traceable to the charged health care fraud offenses.

B. **Bank Accounts**

| Bank | Account No. | Account Holder | Amount |
|---|---|---|---|
| Regions Bank | 0199440881 | Anthony Professional System Corp. | $2,624,830 |
| BB&T | 242743210 | Sun Medical Rehabilitation Center, Inc. | $1,463,919 |
| TD Bank | 430-8070690 | Michael Professional System Corp. | $2,736,657 |
| TD Bank | 432-0632725 | Michael Professional 106, LLC | $328,306 |
| TD Bank | 430-3345535 | Vladimir A. Prado | $1,113,538 |
| Wells Fargo | 1854737317 | Osmany Rodriguez Diaz | $354,913 |
| Regions Bank | 0147030291 | Vladimir Prado, Sr. | $127,382 |

C. **Real Property**

　　i.　5445 Collins Avenue, Unit 404, Miami Beach, Fl. 33140;

　　ii.　5625 West 20 Avenue, Unit 410, Hialeah, Fl. 33012;

　　iii.　9405 S.W. 8 Terrace, Unit 9405, Miami, Fl. 33174;

　　iv.　9500 S.W. 38 Street, Miami, Fl. 33165;

　　v.　10286 N.W. 9 Street Circle, No. 103, Miami, Fl. 33172;

　　vi.　10030 N.W. 9 Street Circle, No. 101, Miami, Fl. 33172;

　　vii.　15231 S.W. 80 Street, Unit 109, Miami, Fl. 33193;

　　viii.　6820 W. Flagler Street, Unit 106, Miami, Fl. 33144;

　　ix.　7650 N.W. 3 Street, Miami, Fl. 33126;

　　x.　11233 S.W. 7 Street, Sweetwater, Fl. 33174; and

　　xi.　5720 S.W. 5 Terrace, Miami, Fl. 33144.

D. **Miscellaneous**

　　i.　2017 Mercedes Benz S63, VIN WDDXK7JB2HA021719, titled in the name of Osmany Rodriguez Diaz; and

　　ii.　One women's Rolex 26 mm Oyster Perpetual DATEJUST watch,

18k gold with diamonds, purchased by Vladimir Prado (collectively "the Property")

4. The Court has authority and jurisdiction to issue the Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A).

5. Any third party claims to the properties may be properly brought and resolved in ancillary proceedings conducted by the Court in accordance with the provisions of federal forfeiture law.

Accordingly, it is hereby **ORDERED** that:

A. Effective immediately, **Vladimir A. Prado, Vladimir Prado, Sr., Osmany Rodriguez Diaz, Alexander Bombino, Jose Armando Bolanos, and Maritza Collada** (collectively, the Defendants), their agents, servants, employees, attorneys, family members and those persons acting in concert or participation with each of them, and those persons, financial institutions, or other entities who have any interest or control over the Property, are hereby **RESTRAINED, ENJOINED AND PROHIBITED** from attempting or completing any action that would affect the availability, marketability or value of the Property, including but not limited to transferring, selling, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of the Property.

B. Defendants are required to maintain the present condition of the real property subject to the Restraining Order, including making timely payment of all mortgages, insurances, utilities, taxes, and assessments until further order of the Court.

C. Any financial institutions, other entities or persons, holding mortgages on the real property subject to the Restraining Order shall respond promptly to requests by the Government for information on said mortgage's current status.

D.  An agent of the Federal Bureau of Investigations, or other authorized agent of the United States, shall promptly serve a copy of the Restraining Order upon the Defendants, unless a copy is provided electronically to counsel for each of the Defendants, on known individuals or institutions in control of, or with an interest in, the Property and to make a return thereon reflecting the date and time of service. Service of a copy of the Restraining Order may be made through electronic mail or facsimile transmission.

E.  An agent of the Federal Bureau of Investigations, or other authorized agent of the United States is hereby permitted to: 1) enter the real property referenced in the Restraining Order, including any of its curtilage or structures, on one or more occasions during the pendency of this case, for the purpose of conducting an inspection or inventory of the real property; 2) document the condition of the real property, to include, among other means, still and video photography; and 3) be accompanied on any such occasion by any federal, state, and local law enforcement officer it selects to ensure the safety of personnel acting under the Restraining Order, or any other person necessary to assist in conducting an inspection or inventory of the real property.

F.  The Restraining Order shall remain in full force and effect until further order of the Court.

**DONE AND ORDERED** at Miami, Florida this 20, day of September 2017.

_____
ROBERT N. SCOLA JR.
UNITED STATES DISTRICT JUDGE