**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. <u>17-20631-CR-SCOLA(s)</u>
18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 2
18 U.S.C. § 982



**UNITED STATES OF AMERICA**

**vs.**

**VLADIMIR A. PRADO,**
**VLADIMIR PRADO SR.,**
**OSMANY RODRIGUEZ DIAZ,**
**ALEXANDER BOMBINO,**
**JOSE ARMANDO BOLANOS,**
**MARITZA COLLADA,**
**and**
**CARLOS O. HINOJOSA MACIAS,**

        **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

### Commercial Insurance

1.      AT&T, Pepsico, and Comcast offered Administrative Services Only ("ASO") insurance plans to their employees.  These employers contracted with the insurance company Blue Cross Blue Shield ("BCBS") to handle the administrative tasks such as billing, claims handling, and claims payment with respect to claims submitted on behalf of their employees. These ASO insurance plans reimbursed BCBS for the money the insurance company paid out for health

benefits for their respective employees. As such, the employers acted in a self-insured role which means that they were financially responsible for any claim payments to their employees.

2.      The ASO insurance plans offered by AT&T, Pepsico, and Comcast and managed by BCBS were health care benefit programs, as defined in Title 18, United States Code, Section 24(b).

3.      BCBS often made payments directly to physicians, medical clinics, or other health care providers, rather than to the beneficiary who received the health care benefits, items, and services.  This occurred when the provider accepted assignment of the right to payment from the beneficiary.

4.      To obtain payment for treatment or services provided to a beneficiary, physicians, medical clinics, and other health care providers had to submit itemized claim forms to the beneficiary's commercial insurance plan.   The claim forms were typically submitted electronically via the internet.  The claim form required certain important information, including: (a) the beneficiary's name and Health Insurance Claim Number or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number ("UPIN") or National Provider Identifier ("NPI").

5.      When a provider submitted a claim form to a private insurance plan, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with the applicable laws and regulations concerning the submission of health care

claims.  The provider also certified that the services being billed were medically necessary and were in fact provided as billed.

## The Defendants and Related Entities

6.      BBB Medical Center Corp. ("BBB Medical") was a Florida corporation, located at 6905 NW 77th Avenue, Miami, FL.  BBB Medical was a medical clinic that purportedly provided commercial private insurance beneficiaries with various medical treatments and services.

7.      Michael Professional System Corp. ("Michael Professional") was a Florida corporation located at 7235 Coral Way, Suite #205, Miami, FL.  Michael Professional was a medical clinic that purportedly provided commercial private insurance beneficiaries with various medical treatment and services.

8.      Anthony Professional System Corp. ("Anthony Professional") was a Florida corporation located at 7235 Coral Way, Suite #214, Miami, FL. Anthony Professional was a medical clinic that purportedly provided commercial private insurance beneficiaries with various medical treatment and services.

9.      Sun Medical Rehabilitation Center Inc. ("Sun Medical") was a Florida Corporation located at 7175 SW 8th Street, Miami, FL.  Sun Medical was a medical clinic that purportedly provided commercial private insurance beneficiaries with various medical treatment and services.

10.     Defendant **VLADIMIR A. PRADO** was a resident of Miami-Dade County, the registered agent of Michael Professional System Corp., and true owner of Michael Professional, Anthony Professional, and Sun Medical.

11.     Defendant **VLADIMIR PRADO SR.** was a resident of Miami-Dade County and true owner of Anthony Professional System Corp.

12.     Defendant **OSMANY RODRIGUEZ DIAZ** was a resident of Miami-Dade County and the registered agent and true owner of BBB Medical Center Corp.

13.     Defendant **ALEXANDER BOMBINO** was a resident of Miami-Dade County and true owner of BBB Medical Center Corp.

14.     Defendant **JOSE ARMANDO BOLANOS** was a resident of Miami-Dade County and a patient recruiter for BBB Medical, Michael Professional, and Sun Medical.

15.     Defendant **MARITZA COLLADA,** was a resident of Miami-Dade County and a patient recruiter for Anthony Professional.

16.     Defendant **CARLOS O. HINOJOSA MACIAS**, was a resident of Miami-Dade County and the registered agent and true owner of Anthony Professional.

## <u>COUNT 1</u>
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.     From in or around July 2014, through in or around March 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**VLADIMIR A. PRADO,**
**VLADIMIR PRADO SR.,**
**OSMANY RODRIGUEZ DIAZ,**
**ALEXANDER BOMBINO,**
**JOSE ARMANDO BOLANOS,**
**MARITZA COLLADA,**
**and**
**CARLOS O. HINOJOSA MACIAS,**

did knowingly, that is, with the intent to further the objects of the conspiracy, and willfully combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States of America, that is:

a.      to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

b.      to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## **PURPOSE OF THE CONSPIRACY**

3.      It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others:

4.      **VLADIMIR A. PRADO** and **JOSE ARMANDO BOLANOS** submitted and caused Michael Professional to submit, via interstate wires, approximately $6,467,275 to BCBS and ASO insurance plans managed by BCBS in claims for reimbursement which falsely and fraudulently represented that various health care benefits were medically necessary, prescribed by a doctor, and had been provided to insurance beneficiaries of BCBS and ASO insurance plans managed by BCBS by Michael Professional.

5.      As a result of such false and fraudulent claims, BCBS and ASO insurance plans managed by BCBS made payments to the corporate bank accounts of Michael Professional in the approximate amount of $2,763,679.

6.      **OSMANY RODRIGUEZ DIAZ, ALEXANDER BOMBINO,** and **JOSE ARMANDO BOLANOS** submitted and caused BBB Medical to submit, via interstate wires, approximately $4,288,545 to BCBS and ASO insurance plans managed by BCBS in claims for reimbursement which falsely and fraudulently represented that various health care benefits were medically necessary, prescribed by a doctor, and had been provided to insurance beneficiaries of BCBS and ASO insurance plans managed by BCBS by BBB Medical.

7.      As a result of such false and fraudulent claims, BCBS and ASO insurance plans managed by BCBS made payments to the corporate bank accounts of BBB Medical in the approximate amount of $1,728,508.

8.      **VLADIMIR A. PRADO** and **JOSE ARMANDO BOLANOS** submitted and caused Sun Medical to submit, via interstate wires, approximately $3,797,185 to BCBS and ASO

insurance plans managed by BCBS in claims for reimbursement which falsely and fraudulently represented that various health care benefits were medically necessary, prescribed by a doctor, and had been provided to insurance beneficiaries of BCBS and ASO insurance plans managed by BCBS by Sun Medical.

9.      As a result of such false and fraudulent claims, BCBS and ASO insurance plans managed by BCBS made payments to the corporate bank accounts of Sun Medical in the approximate amount of $1,732,344.

10.      **VLADIMIR A. PRADO, VLADIMIR PRADO SR., MARITZA COLLADA,** and **CARLOS O. HINOJOSA MACIAS** submitted and caused Anthony Professional to submit, via interstate wires, approximately $5,047,845 to BCBS and ASO insurance plans managed by BCBS in claims for reimbursement which falsely and fraudulently represented that various health care benefits were medically necessary, prescribed by a doctor, and had been provided to insurance beneficiaries of BCBS and ASO insurance plans managed by BCBS by Anthony Professional.

11.      As a result of such false and fraudulent claims, BCBS and ASO insurance plans managed by BCBS made payments to the corporate bank accounts of Anthony Professional in the approximate amount of $2,624,659.

12.      **VLADIMIR A. PRADO, VLADIMIR PRADO SR., OSMANY RODRIGUEZ DIAZ, ALEXANDER BOMBINO, JOSE ARMANDO BOLANOS, MARITZA COLLADA, CARLOS O. HINOJOSA MACIAS,** and others used the proceeds of the false and fraudulent medical claims for their personal use and benefit, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-15
## Health Care Fraud
## (18 U.S.C. § 1347)

1.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.     From in or around July 2014, through in or around March 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**VLADIMIR A. PRADO,**
**VLADIMIR PRADO SR.,**
**OSMANY RODRIGUEZ DIAZ,**
**ALEXANDER BOMBINO,**
**JOSE ARMANDO BOLANOS**
**AND**
**MARITZA COLLADA,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs.

### Purpose of the Scheme and Artifice

3.     It was a purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to a health care benefit program; (b) concealing the submission of false and fraudulent claims to a health care benefit program; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

8

## The Scheme and Artifice

4.     The Manner and Means section of Count 1 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## Acts in Execution or Attempted Execution of the Scheme and Artifice

5.     On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in that the defendants submitted and caused the submission of false and fraudulent claims seeking the identified dollar amounts, and representing that the pharmacies provided pharmaceutical items and services to BCBS and ASO insurance plans managed by BCBS beneficiaries pursuant to physicians' orders and prescriptions as set forth below:

| Count | Defendant | Bene. | Clinic | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|-------|-----------|-------|--------|---------|--------------|----------|
| 2 | **Vladimir A. Prado** | A.L. | Michael | 01/02/15 | H100000446821888 | Application of a modality to one or more areas, Traction; Mechanical; $300 |
| 3 | **Vladimir A. Prado and Jose Armando Bolanos** | S.O. | Sun Medical | 05/29/15 | H100000474678825 | Application of a modality to one or more areas; contrast baths, each 15 minutes; $170 |

| Count | Defendant | Bene. | Clinic | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|
| 4 | Vladimir A. Prado and Jose Armando Bolanos | S.O. | Sun Medical | 06/01/15 | H100000474678828 | Application of a modality to one or more areas Infrared; $170 |
| 5 | Vladimir A. Prado and Vladimir Prado Sr., | M.C. | Anthony | 07/02/15 | H100000477760827 | Therapeutic Procedure, one or more areas Each 15 minutes; neuromuscular reeducation of movement; $170 |
| 6 | Vladimir A. Prado and Vladimir Prado Sr., | C.B. | Anthony | 07/23/15 | H100000486148814 | Application of a modality to one or more areas; Contrast baths, Each 15 minutes; $340 |
| 7 | Vladimir A. Prado, Vladimir Prado Sr. and Maritza Collada | A.R.P | Anthony | 10/05/15 | H100000500242690 | Application of a modality to one or more areas; contrast baths, each 15 minutes; $340 |
| 8 | Vladimir A. Prado and Jose Armando Bolanos | K.P. | Michael | 10/09/15 | H100000495021991 | Radiology Examination, Spine, Cervical; Two or three views: $400 |
| 9 | Vladimir A. Prado | D.R. | Michael | 10/30/15 | H100000499968316 | Application of a modality to one or more areas; Contrast Baths, Each 15 minutes; $340 |

| Count | Defendant | Bene. | Clinic | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|
| 10 | **Vladimir A. Prado, Vladimir Prado Sr.** | E.C. | Anthony | 12/17/15 | H100000515096311 | Application of a modality to one or more areas; Paraffin bath; $370 |
| 11 | **Vladimir A. Prado, and Jose Armando Bolanos** | K.P. | Sun Medical | 01/04/16 | H100000526701750 | Ultrasound, extremity, non-vascular, real-time with image documentation complete; $800 |
| 12 | **Vladimir A. Prado and Jose Armando Bolanos** | O.P. | Sun Medical | 01/04/16 | H100000526701792 | Duplex scan of lower extremity arteries or arterial bypass grafts; complete bilateral study; $800 |
| 13 | **Vladimir A. Prado, Osmany Rodriguez Diaz, Alexander Bombino, and Jose Armando Bolanos** | D.G. | BBB | 01/07/16 | H100000519288955 | Application of a modality to one or more areas, Electrical stimulation (manual), each 15 minutes; $165 |
| 14 | **Vladimir A. Prado, Osmany Rodriguez Diaz, and Alexander Bombino** | E.L. | BBB | 01/14/16 | H100000520371862 | Physical Evaluation; $500 |

| Count | Defendant | Bene. | Clinic | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|
| 15 | Vladimir A. Prado, Osmany Rodriguez Diaz, and Alexander Bombino | A.A. | BBB | 01/15/16 | H100000520371835 | Application of a modality of one or more areas; Ultrasound, Each 15 minutes; $165 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE
### (18 U.S.C. § 982)

1.      The allegations contained in this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **VLADIMIR A. PRADO, VLADIMIR PRADO, SR., OSMANY RODRIGUEZ DIAZ, ALEXANDER BOMBINO, JOSE ARMANDO BOLANOS, MARITZA COLLADA,** and **CARLOS O. HINOJOSA MACIAS** have an interest.

2.      Upon conviction of any violation of Title 18, United States Code, Sections 1347 or 1349, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States all of their respective right, title, and interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

3.      The property subject to forfeiture includes, but is not limited to:

A.      the sum of approximately $8,849,190 in United States currency, which amount is equal to the gross proceeds traceable to the commission of the violations alleged in this

Superseding Indictment, which the United States will seek as a forfeiture money judgment as part of the defendants' sentence;

B.     Bank Accounts

| Bank | Account No. | Account Holder | Amount |
|------|-------------|----------------|--------|
| Regions Bank | 0199440881 | Anthony Professional System Corp. | $2,624,830 |
| BB&T | 242743210 | Sun Medical Rehabilitation Center, Inc. | $1,463,919 |
| TD Bank | 430-8070690 | Michael Professional System Corp. | $2,736,657 |
| TD Bank | 432-0632725 | Michael Professional 106, LLC | $328,306 |
| TD Bank | 430-3345535 | Vladimir A. Prado | $1,113,538 |
| Wells Fargo | 1854737317 | Osmany Rodriguez Diaz | $354,913 |
| Regions Bank | 0147030291 | Vladimir Prado, Sr. | $127,382 |

C.     Real Properties:

   i.   5445 Collins Avenue, Unit 404, Miami Beach, FL;

   ii.   5625 West 20 Avenue, Unit 410, Hialeah, FL;

   iii.  9405 S.W. 8 Terrace, Unit 9405, Miami, FL;

   iv.   9500 S.W. 38 Street, Miami FL;

   v.    10286 N.W. 9 Street Circle, No. 103, Miami, FL;

   vi.   10030 N.W. 9 Street Circle, No. 101, Miami, FL;

   vii.  15231 S.W. 80 Street, Unit 109, Miami, FL;

  viii.  6820 W. Flagler Street, Unit 106, Miami, FL;

   ix.   7650 N.W. 3 Street, Miami, FL;

   x.    11233 S.W. 7 Street, Sweetwater, FL; and

   xi.   5720 S.W. 5 Terrace, Miami, FL.

D.     Miscellaneous

   i.    2017 Mercedes Benz S63, VIN WDDXK7JB2HA021719, titled in the name of Osmany Rodriguez Diaz; and

ii.   One women's Rolex 26 mm Oyster Perpetual DATEJUST watch, 18k gold with diamonds, purchased by Vladimir Prado.

4.    If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with a third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property including, but not limited to:

A.    Real Property

i.    8870 Fontainebleau Blvd., Unit 201, Miami, FL;

ii.   12193 S.W. 10 Street, Unit No. 2, Miami, FL;

iii.  15678 S.W. 85 Lane, Unit 106, Miami, FL;

iv.   9880 S.W. 6 Street, Miami, FL;

v.    3081 S.W. 132 Avenue, Miami, FL;

vi.   4130 S.W. 107 Place, Miami, FL;

vii.  11250 S.W. 7 Street, Sweetwater, FL;

viii. 1186 S.W. 78 Place, Miami, FL;

ix.   6860 S.W. 15 Street, Miami, FL;

    x.  2441 S.W. 83 Court, Miami, FL;

    xi.  235 N.W. 56 Court, Miami, FL; and

    xii.  217 Northwest Boulevard, Miami, FL;

B.    Vehicles

    i.  2014 Mercedes Benz S550, VIN WDDUG8CB2EA042511, titled in the name of Vladimir A. Prado;

    ii.  2009 Infiniti FX, VIN JNRAS18U99M104021, titled in the name of Vladimir A. Prado;

    iii.  1969 Mobile Home SKYL, VIN SF3981C, titled in the name of Vladimir A. Prado;

    iv.  2014 Mercedes Benz S550V, VIN WDDUG8CBXEA016870, titled in the name of Osmany Rodriguez Diaz; and

    v.  2017 Mercedes Benz GLE43C4, VIN 4JGED6EB4HA056564, titled in the name of Osmany Rodriguez Diaz.

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(7); and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

VLADIMR A. PRADO et al.,

_____Defendants._____/

CASE NO.    17-20631-CR-SCOLA(s)

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division**: (Select One)

| | | |
|---|---|---|
| X Miami | ____ Key West | |
| ____ FTL | ____ WPB | ____ FTP |

New Defendant(s)          Yes  _x_        No  ____
Number of New Defendants              1
Total number of counts                0

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)        NO
    List language and/or dialect        _____

4.  This case will take        8        days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

(Check only one)                                        (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | ____ | |
| II | 6 to 10 days | X | Minor | ____ | |
| III | 11 to 20 days | ____ | Misdem. | ____ | |
| IV | 21 to 60 days | ____ | Felony | X | |
| V | 61 days and over | ____ | | | |

6.  Has this case been previously filed in this District Court?   (Yes or No)    YES
    If yes:
    Judge:   Robert N. Scola        Case No.    17-20631-CR-SCOLA
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?        (Yes or No)    No
    If yes:
    Magistrate Case No.                    _____
    Related Miscellaneous numbers:         _____
    Defendant(s) in federal custody as of  _____
    Defendant(s) in state custody as of    _____
    Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No)        No

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?        ____ Yes      X  No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?        ____ Yes      X  No

CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar: 586040

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:   **VLADIMIR A. PRADO**

**Case No**:

Count #: 1

  Conspiracy to Commit Health Care Fraud and Wire Fraud

  Title 18, United States Code, Section 1349

**\*Max. Penalty:**        Twenty (20) Years' Imprisonment

Counts #: 2-15

  Health Care Fraud

  Title 18, United States Code, Section 1347

**\*Max. Penalty:**        Ten (10) Years' Imprisonment as to each count

Count #:


**\*Max. Penalty:**

Count #:


**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:**  __VLADIMIR PRADO SR.__

**Case No**: _____

Count #: 1

  Conspiracy to Commit Health Care Fraud and Wire Fraud

  Title 18, United States Code, Section 1349

**\*Max. Penalty:**      Twenty (20) Years' Imprisonment

Counts #: 5-7, 10

  Health Care Fraud

  Title 18, United States Code, Section 1347

**\*Max. Penalty:**      Ten (10) Years' Imprisonment as to each count

Count #:

_____

_____

**\*Max. Penalty:**

Count #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   **OSMANY RODRIGUEZ DIAZ**

**Case No**:

Count #: 1

  Conspiracy to Commit Health Care Fraud and Wire Fraud

  Title 18, United States Code, Section 1349

**\*Max. Penalty:**       Twenty (20) Years' Imprisonment

Counts #: 13, 14, 15

  Health Care Fraud

  Title 18, United States Code, Section 1347

**\*Max. Penalty:**       Ten (10) Years' Imprisonment as to each count

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   **ALEXANDER BOMBINO**

**Case No**:

Count #: 1

  Conspiracy to Commit Health Care Fraud and Wire Fraud

  Title 18, United States Code, Section 1349

**\*Max. Penalty:**        Twenty (20) Years' Imprisonment

Counts #: 13, 14, 15

  Health Care Fraud

  Title 18, United States Code, Section 1347

**\*Max. Penalty:**        Ten (10) Years' Imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:   **JOSE ARMANDO BOLANOS**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**        Twenty (20) Years' Imprisonment

Counts #: 3, 4, 8, 11, 12, 13

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**        Ten (10) Years' Imprisonment as to each count

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:   **MARITZA COLLADA**

**Case No**:

Count #: 1

  Conspiracy to Commit Health Care Fraud and Wire Fraud

  Title 18, United States Code, Section 1349

**\*Max. Penalty:**       Twenty (20) Years' Imprisonment

Counts #: 7

  Health Care Fraud

  Title 18, United States Code, Section 1347

**\*Max. Penalty:**       Ten (10) Years' Imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:   **CARLOS O. HINOJOSA MACIAS**

**Case No**: _____

Count #: 1

　Conspiracy to Commit Health Care Fraud and Wire Fraud

　Title 18, United States Code, Section 1349

**\*Max. Penalty:**        Twenty (20) Years' Imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

Count #:

_____

_____

**\*Max. Penalty:**

Count #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**